NOT FOR PUBLICATION (Doc. No. 7)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| MEGAN EXEL, et al. | |
| Plaintiffs, | Civil No. 12-04280 (RBK/KMW) |
| v. | **OPINION** |
| NICOLE GOVAN, et al. | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of the Division of Youth and Family Services ("DYFS"), Nichole Govan ("Defendant Govan"),[1] Allison Blake, and Janay Taylor (collectively, the "State Defendants") to dismiss the Complaint of Megan Exel, David Exel, Joseph Radcliffe, and minors E.V. and A.R. (collectively, "Plaintiffs"). Plaintiffs appear to allege that the State Defendants along with the City of Bridgeton and Cumberland County, New Jersey violated their constitutional rights by unlawfully removing the minor children from their mother's care. The State Defendants now move to dismiss, arguing that Plaintiffs' claims are either barred by the Eleventh Amendment or the Rooker-Feldman doctrine. Alternatively, the State Defendants claim qualified immunity on behalf of the state officials and also argue that Plaintiffs' complaint violates Federal Rule of Civil Procedure 8(a). Seven months after the State

[1] Improperly pled as Nicole Govan

Defendants filed their motion, Cumberland County requested to join in the motion. For the reasons expressed below, the State Defendants' motion to dismiss is **GRANTED IN PART, DENIED IN PART**. The Court will grant the motion to dismiss against all the State Defendants except Defendant Govan in her personal capacity. Cumberland County's motion to dismiss is **DENIED**. Furthermore, the Court will order Plaintiffs to re-plead their case in accordance with Federal Rule of Civil Procedure 8(a) within 14 days of the Court's order under pain of dismissal.

## I. BACKGROUND[2]

On August 29, 2011, E.V. and A.R. were removed from the custody of their mother. Compl. ¶4. Plaintiffs allege that following removal, E.V. was denied her right to remain in New Jersey, the state of her birth, when she was sent to live with her father in Florida. Compl. ¶1; Order, N.J. Div. of Youth and Family Serv. v. M.E. and J.R., N.J. Super. Ct., App. Div., (December 20, 2011) (No. A-2109-11). Plaintiffs also allege that the trial court failed to hold a hearing and that the children were not in any imminent danger. See Compl. ¶15-17. Plaintiffs contend that they consequently suffered "insurmountable amounts of trauma and psychological damage throughout the wrongful state intervention by Child Protective Services Agency. . ." Id. at ¶27.

On December 20, 2011, the Superior Court of New Jersey, Appellate Division reversed the trial court for procedural defects and remanded for a plenary hearing. See Compl. ¶19; Dec. 20, 2011 Order (No. A-2109-11). At some point thereafter, E.V. and A.R. were returned to their parents' care. After the children returned home, Plaintiffs allege that an unidentified caseworker informed Megan Exel that the children should never have been removed from her care and "how

[2] The facts of the case are difficult to discern from the complaint. The following is the Court's construction of Plaintiffs' complaint, supplemented with facts derived from the Appellate Division's December 20, 2011 Order attached to the complaint. As this is a motion to dismiss, the Court will accept all of the Plaintiffs' allegations as true. Facts from the Appellate Division's Order are merely included for the sake of clarity.

the state DAG representing DYFS, and or other john does; at dyfs KNEW about such fact, but yet allow the case to 'continue, to save face.'" Compl. ¶¶7-10. According to Plaintiffs, this caseworker informed Ms. Exel that after the state has made allegations of child abuse, "the state 'has to now make it look like abuse took place" and that "the DAG has 'no other choice' but to still move forward with prosecution, involving plaintiff MEGAN EXEL, and her children." Id. at ¶8.

Plaintiffs now assert myriad claims against the defendants for alleged constitutional violations under Section 1983[3] and for violations of New Jersey tort law. Plaintiffs seek compensatory damages, punitive damages, and to enjoin the defendants from falsifying records, forging signatures, and otherwise altering evidence to "make it appear" that a child was abused. Id.

## II. LEGAL STANDARD

The State Defendants have moved to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the Eleventh Amendment, the Rooker-Feldman doctrine, qualified immunity, and Plaintiffs' failure to allege sufficient facts. Given that the State Defendants' first two challenges are jurisdictional, the Court will evaluate these arguments as a Rule 12(b)(1) motion to dismiss.[4] The Court will assess the remaining arguments under Rule 12(b)(6).

[3] Section 1983 states in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . ." 28 U.S.C. §1983.

[4] Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), however the Eleventh Amendment and Rooker-Feldman arguments are jurisdictional and must therefore be decided under Rule 12(b)(1). See Gary v. Braddock Cemetery, 517 F.3d 195 (3d Cir. 2008) (affirming District Court's dismissal under Rule 12(b)(1) based on the principles of Rooker-Feldman); Blanciak v. Allegheny Ludium Corp., 77 F.3d 690, 693 n.2

**a. Rule 12(b)(1)**

A district court may treat a party's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the court's jurisdiction. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Id. (citing PBGC v. White, 998 F.2d 1192, 1196 (3d Cir. 1993)). "In reviewing a factual attack, the court may consider evidence outside the pleadings." Id. (citing Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir. 1997)); see United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). A district court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

Although courts generally treat a pre-answer motion under Rule 12(b)(1) as a facial challenge, see Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983), a "factual challenge under Rule 12(b)(1) may be made prior to service of an answer" if the defendant contests the plaintiff's allegations. Knauss v. United States DOJ, No. 10-26-36, 2010 U.S. Dist. LEXIS 108603, at *6 (E.D. Pa. Oct. 7, 2010) (citing Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990)). When a defendant

(3d Cir. 1996) ("the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction . . .Accordingly, the motion may properly be considered a motion to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).")

raises a factual challenge to jurisdiction, the plaintiff bears the burden of establishing jurisdiction. Gould Elecs. Inc., 220 F.3d at 176-77.

**b. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

## III. DISCUSSION

The State Defendants move to dismiss Plaintiffs' complaint on numerous grounds. The State Defendants first argue that Plaintiffs' claims against them are plainly barred by the Eleventh Amendment. The State Defendants also assert that the Court lacks subject matter jurisdiction over Plaintiffs' claims under the Rooker-Feldman doctrine or that the state officials are entitled to qualified immunity. Finally, the State Defendants argue that Plaintiffs' complaint fails to comply with Federal Rule of Civil Procedure 8(a). The Court finds that the majority of Plaintiffs' claims against the State Defendants are barred by the Eleventh Amendment. However, because Plaintiffs have sued Defendant Govan in her personal capacity as well, those claims may proceed forward. As to Cumberland County, the Court will grant the request to join in the State Defendants' motion but deny the motion to dismiss.[5]

### a. Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment protects states and state agencies from suit in federal court regardless of the type of relief sought, unless Congress specifically abrogates the state's immunity or the state waives its own immunity. MCI Telecom. Corp. v. Bell Atl.-Pa., 271 F.3d 491. 503-04 (3d Cir. 2001). Section 1983 does not abrogate the states' immunity. Quern v. Jordan, 440 U.S. 332, 340-41 (1979). The Eleventh Amendment similarly precludes federal suits for money damages against state

[5] Cumberland County also requested that the Court dismiss it as a defendant *sua sponte* should the Court decline their request to join the State Defendants' motion. Cumberland County has not provided any argument or authority for such an action and the Court will decline this request.

officers sued in their official capacities, absent the state's waiver of immunity. See Kentucky v. Graham, 473 U.S. 159 (1985). "However, where the plaintiff seeks recovery from the personal assets of the individual, the state is not the real party in interest the suit is therefore not barred by the Eleventh Amendment." Melo v. Hafer, 912 F.2d 628 (3d Cir. 1990) citing Graham, 473 U.S. at 165-68.

In this case, Plaintiffs have filed suit against DYFS, a state agency, and several state officials in their official capacities for money damages. New Jersey has not consented to suit nor waived its immunity. As such, the Court lacks subject matter jurisdiction to hear most of Plaintiffs' claims against the State Defendants, with the exception of the claim against Defendant Govan in her personal capacity. Accordingly, the Court will dismiss the claims against DYFS and the state officials in their official capacity.

**b. Qualified Immunity**

Although the claims against Defendant Govan in her personal capacity are not subject to the Eleventh Amendment, they may be properly dismissed if the Court determines that she is entitled to qualified immunity. The doctrine of qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). This doctrine "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 555 U.S. 223, 231 (2009). Because qualified immunity provides complete immunity from suit, not merely a defense to liability, questions surrounding

its applicability should be resolved at the earliest possible stage of the litigation. Pearson, 555 U.S. at 231; Saucier v. Katz, 533 U.S.194, 200–201 (2001).

In order to overcome an assertion of qualified immunity, a plaintiff must satisfy a two-part test. The Court must first "decide whether the facts, taken in the light most favorable to the plaintiff, demonstrate a constitutional violation." Couden v. Duffy, 446 F.3d 483, 492 (3d Cir.2006); Curley v. Klem, 298 F.3d 271, 277 (3d Cir. 2002) (citing Saucier, 533 U.S. at 201). If the Court determines that a constitutional violation did occur, it must then consider "whether the constitutional right in question was clearly established."[6] Id. An official is deprived the protection of qualified immunity only if her conduct both violated the Constitution and could not have been considered lawful by any reasonable person in her position. See Curley v. Klem, 499 F.3d 199, 207 (3d Cir. 2007).

Defendant Govan merely recites the law of qualified immunity and summarily argues that "Plaintiffs' Complaint does not contain allegations constituting violations of clearly established statutory or constitutional rights by State Defendants." According to the defendant, Plaintiffs allege that "DCF removed the child ' in violation of her right to not be detain by such agency . . ." Defs.' Br. at 3 quoting Compl. at 1. Pursuant to New Jersey statute, "actions to remove a child taken in good faith pursuant to N.J.S.A. 9:6-8:29 are immune from liability." Id. at 3. Thus, Defendant Govan argues that she is clearly entitled to qualified immunity. This argument ignores Plaintiffs' actual allegations in the complaint. Plaintiffs do not merely allege that Defendant Govan removed the children from the mother's care. Plaintiffs allege that: "Nicole Govan, lied under oath, committing perjury under oath, and or in the issuance as Janae in Sworn-

[6] Although it is "often appropriate" for courts to conduct this inquiry in the order described, the Court is not required to determine whether a constitutional right was violated before passing on the question of whether the right was clearly established. Pearson, 555 U.S. at 224.

Affidavits, and statements, that were being utilize to keep the child(ren) from their own mother, and loving custodial grandfather, in violation of one's right to such due process, under our well-established Fourteenth Amendment, and Fourth Amendment." Compl. ¶75. Plaintiffs further allege that: "Defendant Nicole Govan; fabricated, upon further information and such belief report to make it simply appear the mother M.E. was unfit, and or abusing her child on the day in question, then later 'change her statement' attempting to cover up their own omission and deliberate act(s) to protect one's self, in violation of all of the plaintiff rights. . ." Id. at ¶77.

Defendant Govan does not address any of these allegations in her qualified immunity argument. Based on Plaintiffs' allegations and Defendant Govan's failure to address the actual allegations against her, the Court cannot find that Defendant Govan is entitled to qualified immunity at this stage in the litigation. The Court will now move to the remaining arguments, which are applicable to both Defendant Govan and Cumberland County.

**c. The Rooker-Feldman doctrnie**

The State Defendants also argued that the Court should dismiss the entire action under the Rooker-Feldman doctrine and that Plaintiffs' complaint violates Federal Rule of Civil Procedure 8(a). The Court will address these arguments in turn with respect to the remaining moving defendants.[7]

The State Defendants argued that the Court lacks subject matter jurisdiction under Rooker-Feldman because "the federal court cannot allow plaintiff's [sic.] lawsuit to proceed without 'a conviction that the state court was wrong.'" Defs.' Br. at 2 quoting Parkview Assoc. P'ship v. City of Lebanon, 225 F.3d 321, 324 (3d Cir. 2000). Under the Rooker-Feldman

[7] Because the City of Bridgeton did not request to join the State Defendants' motion, the Court will only consider the State Defendants' arguments with respect to the claims against Cumberland County and Defendant Govan.

doctrine, lower federal courts are barred from "exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment." Marran v. Marran, 376 F.3d 143, 149 (3d Cir. 2004). There are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff must have lost in state court, (2) the plaintiff must complain of injuries caused by the state court's judgments, (3) those judgments must be rendered before the federal suit was filed, and (4) the plaintiff, through their federal suit, must invite the district court to review and reject the state judgments. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) citing Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). The United States Supreme Court has warned that Rooker-Feldman is a "narrow doctrine," confined to cases that clearly conform to the delineated requirements. See Lance v. Dennis, 546 U.S. 459, 464 (2006).

According to the State Defendants, the Court cannot entertain Plaintiffs' claims without running afoul of Rooker-Feldman because the state court already determined custody and affirmed the removal. See Defs.' Br. at 12. The State Defendants explain that E.V. came into the custody of DYFS pursuant to the Dodd Act, which allows the emergency removal of a child from the home without a court order. Id. at 11 citing New Jersey Div. of Youth & Family Services v. N.S., 412 N.S. Super. 593, 610 n.2 (App. Div. 2010). All "Dodd Removals" automatically trigger a court hearing where custody is awarded. Id. at 12 citing In re A.S., 388 N.J. Super. 521, 524 (App. Div. 2006). Given these statutory requirements, the State Defendants argue that granting Plaintiffs' requested relief would require the Court to declare that the state court decision determining custody was erroneous.

The State Defendants have failed to establish that Rooker-Feldman bars Plaintiffs' federal claims. Although the State Defendants explain the general procedure governing Dodd

Removals, the defendants did not argue that these procedures actually occurred in this case. In fact, the Appellate Division's December 2011 Order remanding the case acknowledges procedural defects at the trial level. In the Order and Supplemental, the Appellate Division explains that DYFS intended to temporarily place E.V. in Florida with her natural father. Dec. 20, 2011 Order (No. A-2109-11) at 1. The Appellate Division notes that the trial court failed to hold a testimonial hearing on the issues raised in the DYFS complaint and finds that the trial judge's determination was based solely upon "factual findings grounded on assumptions drawn from the documentary evidence, untested through trial testimony and cross-examination." Id. at 2-3. Acknowledging the "limited record" before it, the Appellate Division found that the "requirements of due process mandate M.E. be given an opportunity to be heard prior to effectuation of any determination that E.V. be removed from the State of New Jersey." Id. at 4.

Neither party has informed the Court of the subsequent procedural history of the case.[8] This information is relevant because Plaintiffs will not satisfy the first prong of Rooker-Feldman if they did not ultimately "lose" in state court. Based on the "limited record" now before this Court, the Court cannot dismiss the claims against Defendant Govan or Cumberland County under the narrow doctrine of Rooker-Feldman.[9]

---

[8]From an independent review of the state court filings, it appears that on June 28, 2012, the Superior Court of New Jersey, Cumberland County ordered the litigation terminated because "the child(ren) have been returned home." Order, N.J. Div. of Youth and Family Serv. v. Megan Exel, et al., N.J. Super. Ct., Cumberland Cnty. (June 28, 2012) (No. FN-06-30-12). On August, 13, 2012, Plaintiff Megan Exel filed an appeal with the Appellate Division. That appeal remains pending before the Appellate Division.

[9] Although the Court bases its holding on the sparse record currently before it, the Court expresses serious reservations about the applicability of Rooker-Feldman. Even if Plaintiffs are state court losers, the fact that Plaintiffs' potential success in the federal suit would call the state-court judgments into question is not *per se* prohibitive of federal jurisdiction. The Third Circuit has been clear that "when the source of the injury is the defendant['s] actions (and not the state court judgments), the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court." Great W., 615 F.3d at 167.

**d. Federal Rule of Civil Procedure 8(a)**

Finally, the remaining defendants argue that Plaintiffs' complaint violates Federal Rule of Civil Procedure 8(a) because it is not a "short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 4. Although the Court finds that Plaintiffs' complaint arguably complies with Rule 8, the Court recognizes that it lacks enough detail to function as a guide to discovery and will require Plaintiffs to re-plead their complaint upon pain of dismissal.

Federal Rule of Civil Procedure 8(a) requires that a proper pleading contain: (1) a short a plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleading is entitled to relief, and (3) a demand for relief sought. F.R.C.P. 8(a). Courts must construe complaints so "as to do substantial justice," but in particular should construe *pro se* complaints liberally. Alston v. Parker, 363 F.3d 229 (3d Cir. 2004). Even if a complaint arguably complies with Rule 8(a) and sets forth a cognizable legal claim, the district court may require amendment for lack of clarity. See Id. at 234 ("Although [plaintiff's] complaint arguably complies with Rule 8(a), we recognize that it lacks clarity and will likely require amendment.").

In its current form, Plaintiffs' complaint is neither short nor concise and does not sufficiently detail the predicate facts for its claims against all of the remaining defendants. Plaintiffs' complaint sets forth claims against Defendant Govan, but does not adequately detail the alleged involvement of Cumberland County or the City of Bridgeton. However, instead of dismissing Plaintiffs' complaint, the Court will order Plaintiffs to re-plead their complaint in accordance with Federal Rule of Civil Procedure 8(a) within fourteen (14) days of the Court's Order upon pain of dismissal.

## III. CONCLUSION

For the foregoing reasons, the State Defendants' motion to dismiss is GRANTED and all claims against the Division of Youth and Family Services, Janay Taylor, and Allison Blake are DISMISSED. Although the Court will dismiss the claims against Defendant Govan in her official capacity, the claims in her personal capacity may proceed. Cumberland County's motion to dismiss is DENIED. An accompanying order shall issue today.

Dated: 6/18/2013

/s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge