# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| MEGAN EXEL, et al. | : | |
| Plaintiffs, | : | Civil No. 12-4280 (RBK/KMW) |
| v. | : | **OPINION** |
| NICOLE GOVAN, et al. | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Cumberland County (Doc. No. 21), for summary judgment, or in the alternative, to dismiss the amended complaint of Megan Exel, David Exel, Joseph Radcliffe, and minors E.V. and A.R. (collectively, "Plaintiffs"), and on the motion of Nichole Govan[1] (Doc. No. 26), to dismiss the claims of E.V. and A.R., and for dismissal and summary judgment on the claims of Megan Exel, David Exel, and Radcliffe. Plaintiffs allege that Govan, an employee of the New Jersey Division of Child Protection and Permanency ("DCPP"), formerly known as the Division of Youth and Family Services ("DYFS"), violated their constitutional rights by unlawfully removing the minor children from their mother's care. For the reasons expressed below, Cumberland County's motion will be **GRANTED**, and Govan's motion will be **GRANTED IN PART**.

---

[1] Improperly pled as Nicole Govan.

## I. BACKGROUND AND PROCEDURAL HISTORY[2]

In August, 2011, E.V. and A.R. were removed from the custody of their mother. Am. Compl. ¶ 5.[3] A.R. was removed from the custody of both of his parents, as Plaintiff Joseph Radcliffe is the father of A.R. Id. ¶ 4. Plaintiffs allege that following removal, E.V. was denied her right to remain in New Jersey, the state of her birth, when she was sent to live with her father in Florida pursuant to a court order temporarily placing her there. Id. ¶¶ 31, 36, 66; Order, N.J. Div. of Youth and Family Serv. v. M.E. and J.R., N.J. Super. Ct., App. Div., (December 20, 2011) (No. A-2109-11). It is unclear where A.R. was placed after being removed from the home, and the Appellate Division Order attached to Plaintiffs' complaint only refers to E.V. Plaintiffs allege that the trial court failed to hold a fair hearing and that the children were not in any imminent danger. See Am. Compl. ¶¶ 26-28. Plaintiffs contend that E.V. "suffered emotional, psychological trauma, without mother and grandmother . . . and wanted to go back home, but was not allowed, in violation of her constitutional right." Id. ¶ 47. Plaintiffs also allege that A.R. was deprived of his right to "be secured in such home, with parent and grandfather." Id. ¶ 10. It appears that Plaintiffs allege that Govan was the individual who personally removed the children from their home. Id. ¶ 29.

On December 20, 2011, the Superior Court of New Jersey, Appellate Division, reversed the trial court for procedural defects and remanded for a plenary hearing. See Am. Compl. ¶ 73;

---

[2] The facts of the case are difficult to discern from the complaint and the amended complaint. The following is the Court's construction of Plaintiffs' complaint and amended complaint, supplemented with facts derived from the New Jersey Appellate Division's December 20, 2011 Order attached to the complaint. For the purposes of the motions to dismiss, the Court will accept all of the Plaintiffs' allegations as true. Facts from the Appellate Division's Order are merely included for the sake of clarity.
[3] Because the amended complaint contains paragraph numbers, but reverts to numbering the paragraphs starting at '1' several times throughout the document, the Court, for purposes of citation here, refers to each numbered paragraph in the order it actually appears, with the first paragraph as '1', and the last paragraph as '76'.

Dec. 20, 2011 Order (No. A-2109-11). At some point thereafter, E.V. and A.R. were returned to their parents' care. After the children returned home, Plaintiffs allege that an unidentified caseworker informed Megan Exel that the children should never have been removed from her care and "how the state DAG representing DYFS, and or other john does; at dyfs KNEW about such fact, but yet allow the case to 'continue, to save face.'" Compl. ¶¶ 7-10. According to Plaintiffs, this caseworker informed Ms. Exel that after the state has made allegations of child abuse, "the state 'has to now make it look like abuse took place" and that "the DAG has 'no other choice' but to still move forward with prosecution, involving plaintiff MEGAN EXEL, and her children." Id. at ¶ 8.

On July 7, 2012, Plaintiffs filed their complaint, asserting numerous claims against the defendants for alleged constitutional violations under Section 1983[4] and for violations of New Jersey tort law. Plaintiffs sought compensatory damages, punitive damages, and to enjoin the defendants from falsifying records, forging signatures, and otherwise altering evidence to "make it appear" that a child was abused. Id. On June 18, 2013, pursuant to motions filed by certain defendants, this Court dismissed all claims against state defendants who are entitled to immunity under the Eleventh Amendment. The Court also ordered Plaintiff to file an amended complaint in compliance with Rule 8(a) within fourteen days, and noted that the original complaint did not adequately detail the allegations against the City of Bridgeton and Cumberland County. See ECF Doc. No. 14. When Plaintiffs filed their amended complaint, the City of Bridgeton was no

---

[4] Section 1983 states in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 28 U.S.C. § 1983.

3

longer included as a defendant. Thus, the only defendants who have not been terminated are Govan and Cumberland County.

## II. LEGAL STANDARD

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

When a plaintiff is not represented by counsel, courts should construe the complaint liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520 (1972). Such a pro se complaint should only be dismissed for failure to state a claim if "it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**B. Summary Judgment**

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushida Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'") (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. Anderson, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in its favor. Id. at 255; Matsushida, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to

successfully oppose summary judgment. Anderson, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which the jury might return a verdict in his favor. Id. at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### III. DISCUSSION

#### A. Cumberland County

Pursuant to its June 18, 2013 Opinion and Order in this matter, the Court denied a motion filed by Cumberland County to dismiss the claims against it, but observed that the complaint did not "adequately detail the alleged involvement of Cumberland County . . . ." See Opinion of June 18, 2013 at 12, ECF Doc. No. 14. Therefore, this Court ordered Plaintiffs to re-plead their complaint within fourteen days. Id. Plaintiffs subsequently filed the amended complaint. The amended complaint names Cumberland County as a defendant, but does not allege any involvement in the alleged violations on the part of Cumberland County. It alleges that Nichole Govan was employed at the time of the underlying events by DYFS, which is now known as DCPP. Am. Compl. ¶ 14. It also alleges that she "work [sic] Cumberland County, District Local Office." Id. ¶ 13. However, the amended complaint contains no allegations of any improper conduct by Cumberland County or its employees. While it is unclear from reading the allegations in paragraphs thirteen and fourteen of the amended complaint whether Plaintiffs allege that Govan is an employee of Cumberland County, or alternatively an employee of DCPP/DYFS, assigned to its Cumberland County office, a reading of the rest of the amended

6

complaint suggests that it alleges the latter. See id. ¶ 12 ("Govan[,] a state DYFS employee . . . ."); id. ¶ 21 ("Defendant, GOVAN, works for the Division of Youth Family Services, herein DYFS . . . .").

Cumberland County, in its motion, argues that Govan is not, in fact, employed by Cumberland County, and that DCPP/DYFS is an entity of the state of New Jersey, which is not controlled, managed, or governed in any way by Cumberland County. Plaintiffs have not filed an opposition to the motion or otherwise explicitly stated that Govan is affiliated with Cumberland County.

Because the amended complaint does not adequately allege any improper conduct by Cumberland County or any of its employees in connection with Plaintiffs' allegations, it does not set forth any basis upon which relief may be granted. To the extent that the amended complaint may be read to allege that Govan is an employee of Cumberland County, the Court observes that it also repeatedly alleges that she is an employee of DYFS/DCPP. The Court takes judicial notice that this agency is an arm of the State of New Jersey, and not Cumberland County. See Simmerman v. Corino, 804 F. Supp. 644, 650 (D.N.J. 1992) (finding it "beyond dispute" that DYFS is an arm of the state and not a municipal agency); State ex rel. J.S., 202 N.J. 465, 467 (2010) ("the Division of Youth and Family Services (DYFS) [is] an agency within the [New Jersey] Department of Children and Families"). Thus, even construing the amended complaint "in the light most favorable to the plaintiff[s]," it is evident that they are not "entitled to relief"

against Cumberland County. Fowler, 578 F.3d at 210. The motion of Cumberland County to dismiss the amended complaint against it must therefore be granted.[5]

**B. Nichole Govan**

Govan argues that the claims made by the adult plaintiffs on behalf of the minors E.V. and A.R. should be dismissed, because the adult plaintiffs do not have standing to represent the minors. She also argues that summary judgment should be granted on all of the claims advanced by the adult plaintiffs, or those claims should be dismissed in the alternative. Plaintiffs have not filed an opposition to Govan's motion.

1. Standing

Federal Rule of Civil Procedure 17(c) permits a guardian, as a representative, to sue on behalf of a minor. Fed. R. Civ. P. 17(c). Further, litigants in federal court have the right to appear pro se and represent themselves as counsel. 28 U.S.C. § 1654. However, the Third Circuit has held that a non-lawyer parent appearing pro se is not entitled to represent his or her children in federal court. Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991). In Osei-Afriyie, the Third Circuit followed the prior decisions of the Second and Tenth Circuits, which held that a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. Id. at 882-83 (citing Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986)). The Third Circuit contemplated that where a non-lawyer parent improperly attempts to

---

[5] The Court would be unable to grant the motion of Cumberland County for summary judgment because it has not complied with Local Civil Rule 56.1, which requires a statement of material facts not in dispute to be submitted as a separate document, not part of a brief. The rule provides that a motion unaccompanied by such a statement "shall be dismissed." L. Civ. R. 56.1 (emphasis added). Because the Court finds that dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate, it is not necessary to invoke this requirement to dismiss the motion.

represent his or her children pro se, the children's claims may be dismissed without prejudice, so that their claims begin to accrue when they reach the age of majority or become emancipated minors, or the district court may exercise its discretion pursuant to 28 U.S.C. § 1915 to appoint counsel to represent the children. Id. at 883.

Because this Court must follow the rule set forth by the Third Circuit in Osei-Afriyie, the Court will dismiss the claims of the minors without prejudice. Because none of the adult plaintiffs are attorneys, they may not prosecute the claims of E.V. and A.R. See McCain v. Abraham, 337 F. App'x 141, 142 (3d Cir. 2009) (non-attorney pro se litigant lacks standing to bring another's civil rights claim in federal court). If the adult plaintiffs wish to proceed with the claims of the minors at this time, they may proceed in one of two ways.[6] They may retain counsel of their choice for E.V. and A.R. Or, they may request that counsel be appointed by the court pursuant to 28 U.S.C. § 1915(e).[7]

2. Sufficiency of Allegations by Adult Plaintiffs

Govan asks the Court to dismiss the claims by the adult plaintiffs under Federal Rule of Civil Procedure 12(d) and Rule 56. Govan argues that even if she fabricated a large quantity of evidence, due to the procedures and safeguards utilized by DCPP/DYFS, a single piece of uncorroborated information cannot result in the wrongful removal of children from a home. Govan relies on an affidavit from Jaime Maronski, Govan's supervisor, indicating that "it is

---

[6] If the minor plaintiffs do not pursue their claims at this time, any claims of E.V. and A.R. will accrue for statute of limitations purposes when they turn eighteen years old, unless either becomes an emancipated minor sooner. Harris-Thomas v. Christina School Dist., 145 F. App'x 714, 715 (3d Cir. 2005).

[7] Although Osei-Afriyie contemplates the possibility that a court may appoint counsel, in this case, because the adult plaintiffs have not been granted in forma pauperis status, the Court does not have the authority to appoint counsel at this time. The parent or guardian of the minors would be required to file an in forma pauperis affidavit pursuant to 28 U.S.C. § 1915. As the local rules provide, the Office of the Clerk shall assist parties who wish to request this status. L. Civ. R., App. H.

against agency policy for staff to act unilaterally and physically remove a child from the custody of a parent." Aff. of Jamie Maronski ¶ 8.

First, the Court declines to convert Govan's motion into one for summary judgment. Govan has asked to court to consider Ms. Maronski's affidavit with her motion to dismiss, pursuant to Rule 12(d), and to convert this portion of her motion into one for summary judgment. Defendant argues, based upon the affidavit, that due to the processes used by DCPP/DYFS, it would be factually impossible for the fabrications of one employee to lead to the removal of the children from Plaintiffs' household.

When ruling on a motion to dismiss under Rules 12(b)(6), district courts generally may not consider materials outside the pleadings. Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 559-60 (3d Cir. 2002). However, Rule 12(d) permits a court to consider "matters outside the pleadings," and if such materials "are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). A court has complete discretion to determine whether or not to accept material beyond the pleadings in connection with a 12(b)(6) motion. See Pryor, 288 F.3d at 559. When a motion to dismiss under Rule 12(b)(6) is converted into a motion for summary judgment by a district court, the requirements of Rule 56 apply in full and the motion proceeds as any other summary judgment motion would. See Wright, Miller & Kane, Federal Practice and Procedure § 1366 (3d ed. 2009).

The Court must also give the parties adequate notice when such a motion is converted. Brown v. U.S. Steel Corp., 462 F. App'x 152, 155 (3d Cir. 2011) (the notice requirement was satisfied when the district court entered an order advising the parties that the motion would be

treated as a motion for summary judgment.); see also Le v. Univ. of Med. & Dentistry of N.J., 379 F. App'x 171, 176 (3d Cir. 2010) (indicating that the Third Circuit has required at least ten days notice before conversion of a Rule 12(b)(6) motion, and in that case, twenty days to submit materials, and seventeen days for opposing responses, constituted sufficient notice). Courts in this district and within the Third Circuit have found that a motion should not be converted "when little or no discovery has occurred." Kurdyla v. Pinkerton Sec., 197 F.R.D. 128, 131 (D.N.J. 2000) (citing Brennan v. Nat'l Tel. Directory Corp., 850 F. Supp. 331, 335-36 (E.D. Pa. 1994)); Childs v. Meadowlands Basketball Assocs., 954 F. Supp. 994, 997 (D.N.J. 1997) (court deciding "to refrain from converting the . . . motion into a summary judgment motion" because the Court was unaware of "whether any discovery has taken place in this case"); Brug v. Enstar Grp., Inc., 755 F. Supp. 1247, 1251 (D. Del. 1991) ("it would be inappropriate to convert the motion to dismiss into a motion for summary judgment . . . since there has been no discovery conducted in the present case.").

The Court agrees with the prior district courts that have declined to convert a motion to dismiss to a summary judgment motion at this stage. Here, there is no indication that any discovery has taken place, and Govan's motion was filed approximately six weeks after the filing of the amended complaint. Further, for the reasons discussed herein, it is not known at this time whether the minor plaintiffs will proceed in this matter with counsel. Although the proposed motion for summary judgment is not directed at the minor plaintiffs, the issues involved with the motion appear to be relevant to their claims. Thus, the Court declines to consider the materials outside of the pleading here, where little or no discovery has taken place, and there is uncertainty

as to whether the minor plaintiffs will obtain counsel who may wish to be notified of the conversion and take a position as to the motion.

The question the Court must address, then, is whether Plaintiffs have sufficiently pled their claims in the amended complaint. Parents have a constitutionally protected liberty interest in "the care, custody, and control of their children." Troxel v. Granville, 530 U.S. 57, 65-66 (2000). It is "perhaps the oldest of the fundamental liberty interest recognized by" the Supreme Court. Id. at 66. This right, sometimes called the right of "familial integrity" is not absolute, and does not include a right to remain free from child abuse investigations. Croft v. Westmoreland Cnty. Children and Youth Servs., 103 F.3d 1123, 1125 (3d Cir. 1997). In determining whether a constitutional violation took place, a court must balance the fundamental liberty interests of the family with the state's interest in protecting children. Id. Even where children are removed from a home and later investigation shows that no abuse occurred, a child services bureau may be justified in the removal. Id. at 1126. But the Third Circuit has found that a constitutional violation may exist where a state agency removes children without some "reasonable and articulable evidence" that a child has been abused or is in danger of abuse. Id. Where there is no "objectively reasonable suspicion" of abuse, removal is not justified. Id. Croft held that when a social worker acted to separate a child from a parent's custody based upon an anonymous accusation, an arbitrary abuse of government power took place.

Croft was later discussed and followed in Miller v. City of Philadelphia, 174 F.3d 368 (3d Cir. 1999). Miller involved claims by a mother and her three children that the City of Philadelphia's Department of Human Services removed the children from the family home without probable cause and based upon false information provided to a judge who ordered the

12

temporary removal of the children from the home. The Third Circuit held that in order to result in liability, action on the part of the government agency "must be so ill-conceived or malicious that it 'shocks the conscience.'" Id. at 375 (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)). The social worker in that case received a report of possible abuse from a day care center. Id. at 371. He requested that all three of the plaintiff's children be examined at a hospital although only one had been reported as a possible abuse victim. Id. at 376-77. He also called a city solicitor seeking a restraining order although a doctor told him that he could not be sure whether the child's bruises were the result of abuse. Id. at 377. The Third Circuit found that dismissal was appropriate because the social worker did not act in way that shocks the conscience, and he reasonably believed that the children were in danger of abuse. Id.

Here, Plaintiffs have alleged that Defendant fabricated allegations of child abuse, which resulted in the minor children being removed from the house without any reasonable evidence indicating that abuse took place. No discovery has taken place, and Plaintiffs will still need to meet their burden to prove that the allegations were fabricated by Defendant. However, the allegations, which must be taken as true by the Court, are sufficient to state a claim. If Govan deed indeed maliciously fabricate allegations of abuse in order to remove children from their mother's custody, the Court finds that it would "shock the conscience." See Miller, 174 F.3d at 375 (finding that malicious conduct on the part of a state actor satisfies this standard). Govan attempts to distinguish this case from Croft, where the Third Circuit found that removal of a child based upon an anonymous tip violated the right to familial integrity. Croft, 103 F.3d at 1124. But here, if Plaintiffs' allegations are believed, the removal would not have been based upon any "reasonable and articulable" evidence that would justify it. Id. at 1126. The Court

13

further notes that Croft was decided at the summary judgment stage, where both parties had an opportunity to present evidence as to the reasonableness of the evidence that the child abuse investigation was based upon.

The Court thus concludes that Plaintiffs have stated a claim against Govan in the amended complaint. Plaintiffs are entitled to pursue a § 1983 claim by alleging (1) the violation of a right guaranteed by the Constitution or laws of the United States, and (2) that the violation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250 (3d Cir. 1994). Plaintiffs allege these elements, and they should be entitled to develop evidence in order to attempt to prove their allegations. Whether they will be able to adduce such evidence remains to be seen, but it would be inappropriate to dismiss the amended complaint at this early stage.

## IV. CONCLUSION

For the foregoing reasons, Cumberland County's motion to dismiss (Doc. No. 21) will be **GRANTED** and all claims against it will be **DISMISSED**. Govan's motion will be **GRANTED IN PART**. The claims of the minor plaintiffs, E.V. and A.R. will be **DISMISSED WITHOUT PREJUDICE** to the right of the minors to proceed through counsel. The guardians of E.V. and A.R. may apply on behalf of the minors for pro bono counsel if they wish to do so. Govan's motion for summary judgment on the claims of Megan Exel, David Exel, and Joseph Radcliffe will be **DENIED**.

Dated: 01/21/2014                         /s/ Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge