NOT FOR PUBLICATION                                                    (Doc. No. 86)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____      :
Megan EXEL, et al.,                                  :
                                                             :
                               Plaintiff(s),     :        Civil No. 12-4280 (RBK/KMW)
                                                             :
                      v.                                 :        **Opinion**
                                                             :
Nicole GOVAN, et al.,                           :
                                                             :
                          Defendant(s).  :
_____      :

**KUGLER**, United States District Judge:

        Plaintiffs Megan Exel, David Exel, Joseph Radcliffe, E.V., and A.R. ("Plaintiffs") bring

this action against Defendants Nichole Govan (incorrectly pled as Nicole Govan) and Division of

Youth and Family Services for alleged violations of 42 U.S.C. § 1983 and New Jersey state law.

Currently before the Court is Plaintiffs' Motion for Reconsideration (Doc. No. 86). For the

following reasons, Plaintiffs' Motion is **DENIED**.

**I.        FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

        The Court provided a more detailed recital of the facts in its March 22, 2016 Opinion

granting Defendant Govan's Motion for Summary Judgment ("Opinion"). _Exel v. Govan_, No.

12-4280 (RBK/KMW), 2016 WL 1118781 (D.N.J. Mar. 22, 2016). Therefore, the Court will

only provide a brief summary sufficient to resolve the instant motion.

        Plaintiff Megan Exel is the mother of E.V. and A.R. _Id._ at *1. Plaintiff Joseph Radcliffe

is the boyfriend of Exel and father of A.R. _Id._ Defendant Nichole Govan is a caseworker for the

Division of Child Protection and Permanency, formerly known as the Division of Youth and

1

Family Services. *Id.* On August 18, 2011, Govan received a referral from the paternal grandparents of one of Exel's children that Exel and Radcliffe were physically fighting in front of the children. *Id.* at *2. When visiting Exel and Radcliffe's apartment, Govan presented them with a Safety Protection Plan ("Plan") that Exel and Radcliffe signed. *Id.* The Plan stated that if the children were found unsupervised in the care of Exel and Radcliffe, the case could be litigated or the children could be removed. *Id.* On August 24, 2011, Radcliffe spoke with Govan on the phone, and Govan stated that she was lifting the Plan and finishing up the paperwork to do so. *Id.* On August 29, 2011, Janay Taylor, another employee at the Division of Child Protection and Permanency, went to the home of Exel's father and discovered Exel and Radcliffe had taken A.R. unsupervised over the previous weekend. *Id.* Govan subsequently removed Exel's children, for the reason that Exel and Radcliffe violated the Plan. *Id.*

Plaintiffs filed a Complaint against multiple defendants alleging violations under 42 U.S.C. § 1983 and New Jersey state law (Doc. No. 1). Govan filed a Motion for Summary Judgment (Doc. No. 76), and the Court granted summary judgment on March 22, 2016 (Doc. Nos. 84, 85). On April 5, 2016, Plaintiffs filed the present Motion for Reconsideration (Doc. No. 86).

## II.     LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) allows such a review. *See, e.g.*, *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012). A party seeking reconsideration should file a brief setting forth the matter or controlling decisions which the party believes the court overlooked. L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001). A motion for reconsideration under Rule 7.1(i) asks for an "extraordinary

remedy," and courts should grant such motions sparingly. *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.,* 161 F. Supp. 2d 349, 353 (D.N.J. 2001).

To prevail on a motion for reconsideration, a moving party must show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe* ex. rel. *Lou-Ann v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). "The word 'overlooked' is the operative term in the Rule." *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). The Court will grant a motion for reconsideration only where it overlooked a factual or legal issue that may alter the disposition of the matter. *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); L. Civ. R. 7.1(i).

Reconsideration "may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." *A & L Indus., Inc. v. P. Cipollini, Inc.*, Civ. No. 12-7598 (SRC), 2013 WL 6145766, at *1 (D.N.J. Nov. 21, 2013) (citing *SPIRG v. Monsanto Co.*, 727 F. Supp. 876, 878 (D.N.J. 1989), *aff'd*, 891 F.2d 283 (3d Cir. 1989)). "In other words, a motion for reconsideration is not a vehicle for a party to raise arguments that were effectively waived by being omitted from that party's original briefs." *Id.* Moreover, Local Civil Rule 7.1(i) does not allow parties to restate arguments that the court has already considered. *See G-69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J. 1990). Normally, a party should use the appellate process when it disagrees with a court's decision. *Compaction Sys. Corp.,* 88 F. Supp. 2d at 345. In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v.*

*Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citing *In re Christie*, 222 B.R. 64, 67 (Bankr. D.N.J. 1998)).

## III.   DISCUSSION

Plaintiffs raise no issues of a change in controlling law or the availability of new evidence. Therefore, "the need to correct a clear error of law or fact or to prevent manifest injustice" is the sole basis for Plaintiffs' Motion. *Max's Seafood Cafe,* 176 F.3d at 677. Upon reconsideration of the initial decision, this Court determines there were no clear errors of law or fact. Furthermore, this Court's decision will not result in manifest injustice to Plaintiff.

Plaintiffs assert that the Court made a clear error of fact in finding that Plaintiffs violated the Safety Protection Plan. Plaintiffs do not dispute that Exel and Radcliffe took A.R. to their apartment unsupervised over the August 27, 2011 weekend. Rather, they argue that the Plan had been lifted prior to August 27, 2011, because the Plan was only to remain in place until Govan investigated whether the grandparents' allegations of domestic violence were true. This purported fact, however, is never established by Plaintiffs. Plaintiffs do not dispute that Exel and Radcliffe signed the Plan, which states, "This plan will be in place from 8/18/11 to 9/1/11." Pls.'s Statement of Undisputed Material Facts ("Pls.'s SMF") ¶ 13; Bryant Cert., Ex. B. Instead, Plaintiffs claim that Govan told Plaintiffs the Plan had been lifted prior to the weekend that Exel and Radcliffe took A.R. unsupervised. However, the representations made by Govan — that the Plan would be lifted if the investigation concluded there was no domestic violence, she expected the investigation would be completed by August 23, 2011, and the Plan would be dropped — do not constitute statements that the Plan had been lifted. *See* Pls.'s Opp'n Br. at 7–8. Plaintiffs do not dispute that Govan never at any point told Radcliffe that she had lifted the Plan. Pls.'s SMF ¶ 7. Thus, Plaintiffs have submitted no evidence showing that the Plan had been lifted as of August

27, 2011, and the Court finds it did not make a clear error of fact in finding that Plaintiffs violated the Plan.

Plaintiffs also argue that the Court overlooked the fact that Taylor had no concerns about imminent abuse or neglect of A.R. and overlooked a clearly established right to be free from temporary removal of one's child absent evidence of abuse or imminent danger of abuse. The Court holds that it neither committed a clear error of fact or law because the right that Plaintiff asserts here, the right to be free from the temporary removal of one's child absent abuse or imminent danger of abuse, is not the right at issue here. The Third Circuit in *Croft v. Westmoreland Cty. Children & Youth Servs.* enunciated the general proposition that "a state has no interest in protecting children from their parents unless it has some reasonable and articulable evidence giving rise to a reasonable suspicion that a child has been abused or is in imminent danger of abuse." 103 F.3d 1123, 1126 (3d Cir. 1997). *Croft*, however, did not involve an issue of qualified immunity, *id.* at 1125 n.2, and the Third Circuit has held that the *Croft* definition "is too broad for purposes of qualified immunity." *Mammaro v. N.J. Div. of Child Prot. & Permanency*, 814 F.3d 164, 169 (3d Cir. 2016), *cert. denied*, No. 16-2, 2016 WL 3552552 (U.S. Oct. 3, 2016). The Court's Opinion in this case noted as such. And as the Opinion also explained, the Court must consider Plaintiffs' substantive due process rights in light of the specific context of the case, and there was no consensus of authority at the time Govan removed Exel's children that temporarily removing a child after a parent violated a safety protection plan is a violation of substantive due process. The Supreme Court "has never found a substantive due process violation when state agencies temporarily remove a child, whatever the circumstances of the removal." *Id.* at 170. Thus, whether Taylor had a concern about imminent abuse or neglect of A.R. is irrelevant, and the Court did not overlook, but directly addressed, the Plaintiffs'

misplaced reliance on *Croft*. As such, the Court did not commit a clear error of fact or law in finding that *Croft* did not support Plaintiffs' claim.

In addition, Plaintiffs assert that the Court overlooked the right under the Fourteenth and Fourth Amendments to be free from warrantless entry of the home. This is the first time Plaintiffs raise this argument, and the Court does not consider new arguments when adjudicating motions for reconsideration. *A & L Indus., Inc.*, Civ. No. 12-7598 (SRC), 2013 WL 6145766, at *1. The Court will not grant the Motion on this ground.

Lastly, Plaintiffs provide no evidence that the Court's decision results in manifest injustice to Plaintiffs. The Court granted summary judgment because Plaintiffs failed to demonstrate that Govan violated a right that was clearly established, a required showing to defeat qualified immunity. Granting summary judgment on this basis does not result in manifest injustice.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is **DENIED**.

Dated:    11/1/2016                                       s/ Robert B. Kugler

                                                          ROBERT B. KUGLER

                                                          United State District Judge

6